UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANGELA LOCKHART, GAIL SCORZA, and, PATRICK GOMEZ, on behalf of themselves and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES, LEE BACA, individually and in his official capacity as SHERIFF OF LOS ANGELES COUNTY, and DOES 1 through 10, inclusive,<br><br>        Defendants. | No. CV 07-1680 ABC (CWx)<br><br>ORDER OF DISMISSAL |

For reasons stated below, this action is dismissed without prejudice as to Plaintiffs Paul and Cynthia Lombardo.

**BACKGROUND**

On March 25, 2008, Defendants served Plaintiffs Paul and Cynthia Lombardo ("the Lombardos") with Requests for Production of Documents,

1

and on June 27, 2008, Defendants served the Lombardos with Interrogatories. On May 16, 2008, the Lombardos served boilerplate objections to the Requests for Production of Documents and served no response to the Interrogatories. On November 18, 2008, Defendants filed Motions to Compel Discovery and on December 11, 2008, the assigned magistrate judge granted Defendants' motions and issued an order that the Lombardos provide substantive responses to the interrogatories and deliver responsive documents within five days. Monetary sanctions were awarded against the Lombardos' counsel for attorney's fees and costs related to bringing the motions to compel.

On August 31, 2009, Defendants filed a Motion to Enforce the December 11, 2008 Discovery Order. Pursuant to a stipulation of the parties, the court continued the hearing date on the motion to December 3, 2009. On October 27, 2009, Defendants filed a Status Report and Request to Proceed with Hearing Defendants' Motion to Enforce Compliance with Discovery Order. In their opposition to Defendants' status report, Plaintiffs included a declaration from Chi Tran, an employee with the Petersen Law Firm, counsel of record for Plaintiffs in this case. Ms. Tran declared that she was unable to contact the Lombardos in November 2009 regarding responses to Defendants' discovery requests and that Cynthia Lombardo told Ms. Tran that she and her husband, Paul Lombardo, were "no longer participating in the Lockhart case" and "request[ed] to be removed as named Plaintiffs ... as [they] believed [they] had [withdrawn] ..."

On December 15, 2009, the magistrate judge issued an order granting Defendants' motion to enforce compliance with the earlier discovery order and directing Plaintiffs' counsel to clarify the court record with respect to the status of the Lombardos in this case. On

2

1  January 5, 2010, Defendants sent correspondence reminding the
2  Lombardos' counsel that the Lombardos continued to be in violation of
3  the court's December 11, 2008 discovery compliance order. Defendants
4  also informed the Lombardos' counsel that they had not received a
5  stipulation for dismissal of the Lombardos nor any indication that
6  counsel for the Lombardos intend to comply with the court's directive
7  to clarify the status of the Lombardos in this case.
8      To date, the Lombardos have not served any interrogatory
9  responses or documents in response to Defendants' Interrogatories and
10 Requests for Production of Documents. Neither the Lombardos nor their
11 counsel have taken any steps towards clarifying the court record with
12 respect to the status of the Lombardos in this case. Counsel for the
13 Lombardos also indicate that the Lombardos have, on several occasions,
14 informed the Petersen Law Firm that they no longer wish to participate
15 in this lawsuit.

### LEGAL STANDARD

17      The Federal Rules of Civil Procedure explicitly authorize a
18 district court to dismiss an action as a sanction for the plaintiff's
19 failure to comply with a court order regarding discovery. Fed.R.Civ.P.
20 37(b)(2); see also F.R.Civ.P. 41(b). Such a terminating sanction may
21 appropriately be imposed only where the plaintiff's non-compliance is
22 found to be "due to wilfulness, bad faith or fault." Henry v. Gill
23 Industries, Inc., 983 F.2d 943, 946 (9th Cir. 1993). This standard is
24 satisfied when the record demonstrates "disobedient conduct not shown
25 to be outside the control of the litigant." Id. at 948 (quoting
26 Fjelstad v. American Honda, 762 F.2d 1334, 1341 (9th Cir. 1985)); see
27 also Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994).
28      In addition to making the required finding of wilfulness, before

determining that a discovery sanction of dismissal is warranted the court must consider and weigh the following five factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions. In re Phenylpropanolamine Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); see also Hyde & Drath, 24 F.3d at 1166 (citing Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990)); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.1987)(requiring consideration of same five factors in connection with dismissal under Rule 41(b) for failure to comply with court's pretrial order). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a ... dismissal sanction. Thus the key factors are prejudice and the availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d at 656.

### DISCUSSION

Applying the above principles to the present action, the court finds that dismissal is warranted as a sanction for the Lombardos failure to comply with the magistrate judge's December 11, 2008 order granting defendants' motions to compel discovery. First, the record demonstrates that the Lombardos' non-compliance with the court's orders is willful. On December 11, 2008, the court ordered the Lombardos to respond to interrogatories and produce documents within five days. Defendants had to return to court to enforce that order on December 15, 2009. To date, the Lombardos have failed to comply with these court directives and have yet to produce any interrogatory responses or documents. The Lombardos informed their counsel in November 2009

that they thought they were already removed from the lawsuit and had no wish to continue as plaintiffs. They have not proffered any other justification or excuse for non-compliance due to circumstances beyond their control. The Lombardos, therefore, are aware of their discovery obligations and have chosen not to comply. Accordingly, the Lombardos' failure to respond to the Defendants' interrogatories or produce any documents is a willful failure to comply with the Court's directives and their discovery obligations.

Additionally, consideration of the five factors regarding dismissal supports the imposition of such a sanction in this case. As in most cases, the first two factors -- public interest in expeditious resolution of litigation and the court's need to manage its docket -- weigh in favor of dismissal here. The Lombardos' failure to comply with the orders regarding discovery has interfered with the orderly process of discovery and pretrial proceedings and hindered the court's ability to move this case toward trial or other disposition. See In re Phenylpropanolamine Products Liability Litigation, 460 F.3d at 1227 (noting it is in the court's power to manage the docket "without being subject to endless non-compliance with case management orders" and, accordingly, impose the sanction of dismissal). In this case, the expeditious litigation of this action has been threatened by both the Lombardos' noncompliance with the court's December 11, 2008 order compelling discovery and the failure of the Lombardos and their counsel to dismiss the Lombardos from this action, a preference expressed by the Lombardos themselves.

The third factor--prejudice to Defendants--also weighs heavily in favor of dismissal in this case. "In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair

the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Malone v. U.S. Postal Service, 833 F.2d at 131. A failure to "produce documents as ordered is considered sufficient prejudice." In re Phenylpropanolamine Products Liability Litigation, 460 F.3d at 1227; see also Adriana Intl. Corp. v. Lewis & Co., 913 F.2d 1406, 1412 (9th Cir. 1990). It deprives defendants "of any meaningful opportunity to follow up on ... information, or to incorporate it into their litigation strategy." Payne v. Exxon Corp., 121 F.3d 503, 508 (9th Cir. 1997).

The fourth factor--public policy in favor of deciding cases on the merits--ordinarily weighs against dismissal. However, this factor is less than compelling in this case given the Lombardos expressed desire not to participate in the action. In any event, even considering the policy favoring disposition on the merits as a factor against dismissal, it does not outweigh the other factors here. See Ferdik v. Bonzelet, 963 F.2d at 1263 (three factors strongly supporting dismissal not outweighed by two factors possibly weighing against dismissal); Malone v. U.S. Postal Service, 833 F.2d at 133 n.2 (noting that factor favoring disposition on merits weighed against dismissal but was insufficient to outweigh other four factors supporting dismissal).

Finally, the fifth factor--availability of less drastic sanctions--weighs in favor of dismissal. The Court has already ordered the imposition of monetary sanctions, which did not result in the Lombardos' compliance with the court's discovery orders. Additionally, imposing monetary sanctions on the Lombardos would be a more drastic sanction in this case, as the Lombardos themselves have indicated that they no longer wish to be plaintiffs in this action.

Dismissal here will effectively result in the Lombardos' withdrawal from this action, and will allow the remaining parties to proceed towards a disposition on the merits.

### ORDERS

Accordingly, **IT IS ORDERED** that judgment be entered dismissing this action, without prejudice, for failure to prosecute and failure to comply with the orders of this court.

DATE: _Aug. 3, 2010_

_____
AUDREY B. COLLINS
Chief United States District Judge

Presented by:

Dated: August 3, 2010

_____
CARLA M. WOEHRLE
United States Magistrate Judge