1  Brian P. Walter, Bar No. 171429
   bwalter@lcwlegal.com
2  Geoffrey S. Sheldon, Bar No. 185560
   gsheldon@lcwlegal.com
3  Jennifer K. Palagi, Bar No. 222536
   jpalagi@lcwlegal.com
4  Elizabeth T. Arce, Bar No. 216687
   earce@lcwlegal.com
5  LIEBERT CASSIDY WHITMORE
   A Professional Law Corporation
6  6033 W. Century Boulevard, Suite 500
   Los Angeles, CA  90045
7
   Telephone:  (310) 981-2000
8  Facsimile:   (310) 337-0837
9  Attorneys for Defendants
   County of Los Angeles and Lee Baca
10
11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| 14  ANGELA LOCKHART, GAIL SCORZA, and PATRICK GOMEZ, on behalf of themselves and all other similarly situated, | Case No.  CV 07-1680 ABC (CWx) |
| 15 | |
| 16                          Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 17  v. | |
| 18 | |
| 19  COUNTY OF LOS ANGELES, LEE BACA, individually and in his official capacity as SHERIFF OF LOS ANGELES COUNTY, and DOES 1 through 10, inclusive, | Date:            December 20, 2010 |
| 20 | Courtroom:   680 |
| 21 | Time:            10:00 a.m. |
| 22                          Defendants. | |

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

1    TO THE COURT, PLAINTIFFS AND THEIR ATTORNEYS OF

2    RECORD:

3         PLEASE TAKE NOTICE that on December 20, 2010, at 10:00 a.m., or as

4    soon thereafter as counsel may be heard in Courtroom 680 of the above entitled

5    Court, located at the Roybal Federal Building, 255 East Temple Street, Los

6    Angeles, California  90012, Defendants COUNTY OF LOS ANGELES and

7    LEROY BACA (collectively "the County" or "Defendants") will move the Court,

8    pursuant to Fed. R. Civ. P. 56(b), for Partial Summary Judgment against all

9    Plaintiffs on the following grounds:

10        1.    Plaintiffs' donning and doffing claim is barred by the doctrine of

11   collateral estoppel because the same claim was litigated and adjudicated in

12   Defendants favor in a prior lawsuit between the parties and their privies before this

13   Court in *Vallerand, et al. v. County of Los Angeles, et al., U.S.D.C. Case No. CV08-*

14   *05057 DMG (VBKx)* (hereinafter, "*Vallerand*");

15        2.    Alternatively, if the Court declines to invoke collateral estoppel, the

16   Court may exercise its broad discretion to control its own docket and dismiss

17   Plaintiffs' donning and doffing claim because it is duplicative of the same claim

18   asserted and adjudicated in Defendants favor in *Vallerand*;

19        3.    Defendants are entitled partial summary judgment on their second

20   affirmative defense that they have a 7-day partial overtime exemption under 29

21   U.S.C. §207(k) for their deputy sheriffs' on the grounds that this issue was litigated

22   and adjudicated in Defendants favor in *Vallerand* and that the doctrine of collateral

23   estoppel bars Plaintiffs from re-litigating this issue here; and

24        4.    Alternatively, if the Court declines to invoke collateral estoppel, the

25   Court may exercise its broad discretion to control its own docket and enter partial

26   summary judgment in Defendants favor on their second affirmative defense that it

27   has a 7-day partial overtime exemption under 29 U.S.C. §207(k) for its deputy

28   ///

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

1  sheriffs' because this issue is duplicative of the same issue asserted and adjudicated

2  in Defendants favor in *Vallerand*.

3     The conference of counsel pursuant to Local Rule 7-3 took place before the

4  filing this motion on November 1, 5 and 8, 2010. (*See* Declaration of Elizabeth T.

5  Arce filed concurrently herewith.)

6     This motion is based on this Notice of Motion and Motion, the concurrently

7  filed Memorandum of Points and Authorities, the Separate Statement of

8  Uncontroverted Facts and Conclusions of Law, the Declaration of Elizabeth T.

9  Arce, Declaration of Gregory P. Nelson, Request for Judicial Notice and exhibits

10  thereto, and all pleadings and papers on file in this action and upon such other

11  matters as may be presented to the Court at the time of hearing.

12

13  Dated:  November 18, 2010                LIEBERT/CASSIDY WHITMORE

14

15                                          By: _____
                                                Brian P. Walter
16                                              Geoffrey S. Sheldon
                                                Jennifer K. Palagi
17                                              Elizabeth T. Arce
                                                Attorneys for Defendants
18                                              COUNTY OF LOS ANGELES and
                                                LEROY BACA

19

20

21

22

23

24

25

26

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.     INTRODUCTION ........................................................................................ 1

II.    STATEMENT OF FACTS ........................................................................... 1

       A.     THE *LOCKHART* LITIGATION ................................................... 1

       B.     THE *VALLERAND* LITIGATION ................................................. 2

              1.     Partial Summary Judgment Was Granted in Favor of the
                     County on the Donning and Doffing Claim ................................. 4

              2.     The County Successfully Established that it Has a 7-Day,
                     7(k) Exemption for Deputies During Phase I of Trial ................. 5

III.   APPLICABLE LEGAL STANDARD REGARDING PARTIAL
       SUMMARY JUDGMEMT ........................................................................... 5

IV.    THE COUNTY IS ENTITLED TO SUMMARY JUDGMENT ON
       PLAINTIFFS' DONNING AND DOFFING CLAIMS UNDER THE
       COLLATERAL ESTOPPEL DOCTRINE ................................................. 6

       A.     LEGAL STANDARD REGARDING THE APPLICATION OF
              DEFENSIVE COLLATERAL ESTOPPEL .................................... 6

       B.     THE DONNING AND DOFFING ISSUES IN *LOCKHART*
              AND *VALLERAND* ARE IDENTICAL AND THEY WERE
              NECESSARILY DECIDED IN *VALLERAND* ............................. 7

              1.     The Second Factor is Satisfied Because The Same Rule of
                     Law Applied in *Vallerand* Regarding the Donning and
                     Doffing Claim Will Also Apply to *Lockhart*............................. 8

              2.     The First, Third and Fourth Factors Are Satisfied Because
                     the Donning and Doffing Claims in *Vallerand* and
                     *Lockhart* Are Related, Share the Same Evidence and
                     Argument, and Share the Same Discovery .................................. 9

                     a.     The *Vallerand* Ruling ....................................................... 9

                     b.     The *Lockhart* Court Will Be Evaluating the Same
                            MPP Section 3-03/030.10 as in *Vallerand* ...................... 13

       C.     THE *VALLERAND* COURT'S ORDER REGARDING
              DONNING AND DOFFING IS A FINAL JUDGMENT FOR
              PURPOSES OF COLLATERAL ESTOPPEL ............................... 13

       D.     PRIVITY EXISTS BETWEEN THE *LOCKHART* AND
              *VALLERAND* PLAINTIFFS ...................................................... 15

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

E.   THE EQUITIES OF THIS CASE WEIGH IN FAVOR OF DISMISSAL OF PLAINTIFFS' DONNING AND DOFFING CLAIM ............................................................................................. 18

V.   THE COUNTY IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON THE 7(k) AFFIRMATIVE DEFENSE UNDER THE COLLATERAL ESTOPPEL DOCTRINE ............................................. 19

A.   THE 7(K) ISSUE IN *LOCKHART* IS IDENTICAL TO THE 7(K) ISSUE PREVIOUSLY LITIGATED AND NECESSARILY DECIDED IN *VALLERAND* ..................................... 19

1.   The 7(k) Affirmative Defense in *Vallerand* and *Lockhart* Are Related, Share the Same Discovery, and Share the Same Evidence and Argument .................................................. 19

2.   The Same Rule of Law Applied in *Vallerand* Regarding 7(k) Will Also Apply to *Lockhart* ............................................. 21

B.   THE *VALLERAND* COURT'S ADJUDICATION OF THE 7(K) ISSUE IS A FINAL JUDGMENT FOR COLLATERAL ESTOPPEL PURPOSES .................................................................. 21

C.   PRIVITY EXISTS BETWEEN THE *LOCKHART* AND *VALLERAND* PLAINTIFFS ............................................................... 22

D.   THE EQUITIES OF THIS CASE WEIGH IN FAVOR OF GRANTING PARTIAL SUMMARY JUDGMENT ON THE COUNTY'S 7(K) AFFIRMATIVE DEFENSE ................................... 22

VI.   CONCLUSION ............................................................................................. 23

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

# **TABLE OF AUTHORITIES**

**Page**

## **CALIFORNIA CASES**

*Los Angeles Police Protective League v. City of Los Angeles*
(2001) 94 Cal.App.4th 77 ..................................................................................16, 22

*Los Angeles Police Protective League v. City of Los Angeles*
(2003) 102 Cal.App.4th 85............................................................................17

## **FEDERAL CASES**

*Abbe v. City of San Diego*
2007 WL 4146696 (S.D. Cal. 2007)......................................................................8

*Acevedo-Garcia v. Monroig*
(1st Cir. 2003) 351 F.3d 547................................................................................7

*Adair v. City of Kirkland*
(9th Cir. 1999) 185 F.3d 1055 .......................................................................20, 21

*Adams v. Cal. Dept. of Health Servs.*
(9th Cir. 2007) 487 F.3d 684 ...............................................................................18

*Bamonte v. City of Mesa*
(9th Cir. 2010) 598 F.3d 1217 ...............................................4, 8, 10, 12, 13, 14

*Celotex Corp. v. Catrett*
(1986) 477 U.S. 317, 106 S. Ct. 2548....................................................................6

*Curtiss-Wright Flow Control Corp. v. Z & J Technologies GmbH*
(C.D. Cal. 2007) 563 F.Supp.2d 1109 ..................................................................14

*Dager v. City of Phoenix*
2009 WL 531864 (D. Ariz. 2009) .........................................................................8

*De Asencio v. Tyson Foods, Inc.*
(3rd Cir. 2007) 500 F.3d 361 ...............................................................................8

*Fairbank v. Johnson*
(9th Cir. 2000) 212 F.3d 528 ...............................................................................6

*Gorman v. Consolidated Edison Corp.*
(2nd Cir. 2007) 488 F.3d 586 ...............................................................................8

*Hydranautics v. Filmtec Corp.*
(9th Cir. 2000) 204 F.3d 880 ..........................................................................7, 19

*In re Gottheiner*
(9th Cir. 1983) 703 F.2d 1136 ............................................................................15

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

**TABLE OF AUTHORITIES**
(continued)

Page

*James Nolan, et al. v. City of Los Angeles, et al.*
(C.D. Cal. 2010) U.S. District Court, Case No. 04-08592 ...................................... 9

*Lemmon v. City of San Leandro*
(N.D. Cal. 2007) 538 F.Supp.2d 1200 ....................................................................... 8

*Los Angeles Police Protective League, et al. v. City of Los Angeles, et al.*
(C.D. Cal. 2010) U.S. District Court, Case No. 06-06390 ............................... 9, 17

*Luben Industries, Inc. v. U.S.,*
(9th Cir. 1983) 707 F.2d 1037 ................................................................. 13, 14, 21

*Lummus Co. v. Commonwealth Oil Refining Co.*
(2nd Cir. 1961) 297 F.2d 80 ................................................................................... 14

*Margaret Reed, et al. v. County of Orange*
2010 WL 2342394 (C.D. Cal. 2010) ......................................................................... 9

*Martin v. City of Richmond*
(N.D. Cal. 2007) 504 F.Supp.2d 766 ........................................................................ 8

*Matter of Lockhard*
(9th Cir. 1989) 884 F.2d 1171 ................................................................................ 14

*Mauro v. Federal Express*
2009 WL 1905036 * 3 (C.D. Cal. 2009) .................................................. 16, 18, 22

*MCA Records, Inc. v. Charly Records, LTD*
(C.D. Cal. 1994) 865 F.Supp. 649 .......................................................................... 16

*Musch v. Domtar Industries, Inc.*
(7th Cir. 2009) 587 F.3d 857 ................................................................................... 8

*Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*
(9th Cir. 2000) 210 F. 3d 1099 ................................................................................ 6

*Parklane Hosiery Co. v. Shore*
(1979) 439 U.S. 322, 99 S.Ct. 645 ........................................................................ 6, 7

*Rambus, Inc. v. Hynix Semiconductor Inc.*
(N.D. Cal. 2008) 569 F.Supp.2d 946 ...................................................................... 15

*RE/MAX Intern., Inc. v. Equity Max Reality, Inc.*
(S.D. Cal. 2007) 2007 WL 1110590 at *2 ...................................................... 7, 8, 19

*Resolution Trust Corp. v. Keating*
(9th Cir. 1999) 186 F.3d 1110 .................................................................................. 8

*Ricchio v. Hornbeak*
2010 WL 1838317 at *4 (C.D. Cal. 2010) .......................................................... 18, 22

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

**TABLE OF AUTHORITIES**
(continued)

Page

*Security People, Inc. v. Medeco Security Locks, Inc.*
(N.D. Cal. 1999) 59 F.Supp.2d 1040 ..................................................................14

*Slack v. McDaniel*
(2000) 529 U.S. 473, 120 S.Ct. 1595 ...............................................................18

*Syverson v. International Business Machines Corp.*
(9th Cir. 2007) 472 F.3d 1072 ..........................................................................14

*U.S. v. ITT Rayonier, Inc.*
(9th Cir. 1980) 627 F.2d 996 ............................................................................16

*U.S. v. Mendoza*
(1984) 464 U.S. 154, 104 S.Ct. 568 ....................................................................7

**FEDERAL RULES**

Federal Rules of Civil Procedure 54(b) ...............................................................15

Federal Rules of Civil Procedure 56(c) .................................................................6

**FEDERAL REGULATIONS**

29 Code of Federal Regulations §553.201 .......................................................2, 3

29 Code of Federal Regulation §553.211 .........................................................2, 3

29 Code of Federal Regulations §553.230 ...........................................................19

**FEDERAL STATUTES**

29 U.S.C. §207(k) ....................................................................................1, 2, 3, 19

28 U.S.C. §1291 ...................................................................................................13

28 U.S.C. §1292(b) ..............................................................................................15

**OTHER AUTHORITIES**

Los Angeles Sheriff's Department Manual of Policies
and Procedures, section 3-03/030.10 ....................................................9, 10, 13, 16

Los Angeles Sheriff's Department Manual, section 3-03/030.10 ............................13

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

By this motion, Defendants County of Los Angeles and its elected Sheriff, Lee Baca (collectively "the County"), respectfully ask this Court to grant it partial summary judgment on Plaintiffs' donning and doffing claim, and the County's Second Affirmative Defense regarding the partial exemption from the federal overtime requirements provided for under section 207(k) of the Fair Labor Standards Act (hereinafter "7(k) exemption"). This motion is based on the grounds that the very same issues were previously litigated and adjudicated in the County's favor earlier this year in another lawsuit between the parties and their privies, *Vallerand, et al. v. County of Los Angeles, et al.,* U.S.D.C. Case No. CV08-05057 DMG (VBKx) (hereinafter "the *Vallerand* case"). Consequently, in the interests of promoting judicial economy and of relieving the parties of the burden and expense of duplicative litigation, the Plaintiffs in this case should be collateral estopped from relitigating those issues here.

Alternatively, if this Court determines that collateral estoppel may not be invoked defensively here, then the County respectfully requests that the Court exercise its broad discretion to control its docket by dismissing Plaintiffs' donning and doffing claim with prejudice and enter partial summary judgment in the County's favor on their second affirmative defense regarding the 7(k) exemption on the grounds that these issues are duplicative of the same claims adjudicated in the County's favor in *Vallerand*.

## II.   STATEMENT OF FACTS

### A.   THE *LOCKHART* LITIGATION

On March 13, 2007, Plaintiffs Angela Lockhart, Gail Scorza and Patrick Gomez commenced this lawsuit (hereinafter "*Lockhart*") against the County. (*Lockhart* Civil Docket (Dkt.) #1.) On July 25, 2001, Lockhart, Scorza and Gomez filed a Second Amended Complaint alleging that they and other similarly situated

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1   deputy sheriffs were required by the County's Sheriff's Department ("LASD") to
2   perform various pre-shift and post-shift activities without compensation in violation
3   of the FLSA. (*Lockhart* Dkt. #10.)  One of the principal claims at issue in the
4   *Lockhart* case is whether deputy sheriffs are entitled to overtime compensation
5   under the FLSA for time spent "donning" and "doffing" their Sheriff's Department
6   ("LASD") uniforms and equipment (*i.e.,* ballistic vests and Sam Browne equipment
7   belts.) (*Lockhart* Dkt. #10, ¶¶29, 32.)

8       On November 6, 2007, the County filed an Answer to the Second Amended
9   Complaint. (*Lockhart* Dkt. #36.)  The Answer set forth as a second affirmative
10  defense that Plaintiffs are partially exempt from the overtime requirements of the
11  FLSA because the County adopted and implemented a 7-day work period for
12  employees involvement in law enforcement activities pursuant to 29 U.S.C.
13  §207(k) and 29 C.F.R. §§553.201 and 553.211. (*Lockhart* Dkt. #36, pp. 15-16.)

14      On July 14, 2008, the Court conditionally certified this case as a collective
15  action. (*Lockhart* Dkt. #66.)  The named-plaintiffs are now joined in this lawsuit
16  by approximately 188 opt-in plaintiffs who are current and former deputies of the
17  LASD (the named-plaintiffs and opt-in plaintiffs shall collectively be referred to as
18  "Plaintiffs"). (*Lockhart* Dkt. #21-24, 153-163, 165-238, 262-310, 320-367, 369-
19  374, 377-382, 450-467, 469-475, 479-481, 485.)  However, approximately 50 opt-
20  in Plaintiffs are also plaintiffs in the related case, *Ascolese, et al. v. County of Los*
21  *Angeles, et al.*, U.S.D.C. Case No. 08-01267 ABC (CWx) (hereinafter, "*Ascolese*").
22  (*See* the County's Statement of Uncontroverted Facts ("UF") No. 6.)  For example,
23  Plaintiffs Paul Greve and Joyce Macheca have also opted into *Ascolese*. (*Lockhart*
24  Dkt. #186, 210; *Ascolese* Dkt. #4.)

25      **B.   THE *VALLERAND* LITIGATION**

26      On August 1, 2008, approximately one month before the *Ascolese* case was
27  filed, fourteen County employees (a combination of LASD deputy sheriffs, LASD
28  security officers and police officers of the County's now defunct Office of Public

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1  Safety ("OPS") filed the *Vallerand* lawsuit. (*Vallerand* Civil Docket (Dkt.) #1.)

2  Like the *Lockhart* case, the *Vallerand* case was originally styled as a FLSA

3  collective action, *i.e.,* the named plaintiffs sought to represent the interests of

4  "similarly situated" LASD deputy sheriffs, as well as "similarly situated" LASD

5  security officers and OPS police officers. (*Vallerand* Dkt. #1, ¶1.)  In fact,

6  approximately 713 individuals filed consents to join the *Vallerand* case as party

7  plaintiffs pursuant to 29 U.S.C. section 216(b). (*Vallerand* Dkt. #27-40, 48-58, 61-

8  62, 68-69, , 71-72, 75-76, 79.)  However, the *Vallerand* Court struck all of the "opt-

9  in" Plaintiffs on October 8, 2009 on the grounds that the *Vallerand* plaintiffs failed

10  to file their motion for conditional certification in a timely manner. (*Vallerand* Dkt.

11  #70, 103.)

12       Like *Lockhart*, the *Vallerand* case alleges that the County violated the FLSA

13  by requiring the *Vallerand*-plaintiffs to perform various pre-shift and post-shift

14  activities without compensation. (*Vallerand* Dkt. #18.)  As is the case in this action,

15  one of the primary claims at issue in *Vallerand* was the plaintiffs' claim that they

16  are entitled to overtime compensation under the FLSA for time spent donning and

17  doffing their LASD uniforms and equipment. (*Vallerand* Dkt. #18, ¶¶15-20, 22 and

18  UF No. 1.)

19       On October 13, 2008 and November 14, 2008, the County filed Answers to

20  the First Amended Complaint. (*Vallerand* Dkt. #43, 63.)  As with the Answer filed

21  in *Ascolese,* the Answers set forth as a second affirmative defense that the

22  *Vallerand* plaintiffs are partially exempt from the FLSA's overtime requirements

23  because the County adopted and implemented a 7-day work period for law

24  employees involvement in law enforcement activities pursuant to 29 U.S.C.

25  §207(k) and 29 C.F.R. §§553.201 and 553.211. (*Vallerand* Dkt. #43, p. 9, and #63,

26  p. 9.)

27  ///

28  ///

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

3  MOTION FOR PARTIAL SUMMARY JUDGMENT

### 1.   Partial Summary Judgment Was Granted in Favor of the County on the Donning and Doffing Claim

On September 28, 2009, the parties filed cross-motions for summary judgment on the *Vallerand* plaintiffs' donning and doffing claims.[1] (*Vallerand* Dkt. #90-95.) Extensive opposition and reply papers were filed by the parties in connection with these motions on October 5, 2009 and October 9, 2009, respectively. (*Vallerand* Dkt. #97-102, 104-107.)

On March 25, 2010, the United States Court of Appeals, Ninth Circuit issued its long-awaited opinion in *Bamonte v. City of Mesa*, 598 F.3d 1217 (9th Cir. 2010). This opinion held that the time City of Mesa police officers spent before and after their paid shifts donning and doffing their uniforms and related protective gear is ***not*** compensable work under the FLSA because the officers had the option and ability to don and doff their uniform and gear off of the employer's premises. (*Id.* at 1231 ("Although logical reasons exist for the police officers not to avail themselves of the at-home option, such as comfort, safety concerns, and exposure of family members to certain substances, these reasons reflect preferences rather than mandates.  In sum, donning and doffing of uniforms and related gear are not required by law, rule, the employer or the nature of the police officers' work to be performed at the employer's premises.")  The *Bamonte* opinion is significant because it settled a split among district courts within the Ninth Circuit as to the applicable legal standard for determining the compensability of police officer donning and doffing activities.

The district court granted the parties an opportunity to file further supplemental briefs in light of *Bamonte*. (*Vallerand* Dkt. #148-150.)  The *Vallerand* plaintiffs' also filed additional evidence with their brief, including a declaration by Cronin that directly addressed the donning and doffing claims.

---

[1] The County also moved for summary judgment on the *Vallerand*-plaintiffs' off-the-clock claims. (*Vallerand* Dkt. #90.)

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1  (*Vallerand* Dkt. #150.)  The district court issued a tentative ruling in favor of the

2  County on the donning and doffing claims and gave the parties an opportunity to

3  respond to the tentative during oral argument on July 16, 2010.  (*Vallerand* Dkt.

4  #154.)  Thereafter, the district court took the motions under submission.  (*Vallerand*

5  Dkt. #154.)  On August 6, 2010, the district court issued a final 29-page order

6  granting the County partial summary judgment on the *Vallerand* plaintiffs' donning

7  and doffing claims in their entirety (hereinafter, "*Vallerand* Order" or "Order").

8  (*See Vallerand* Dkt. #155 attached as Exhibit "1" to the County's Request for

9  Judicial Notice ("RJN") and UF No. 2.)

### 2. The County Successfully Established that it Has a 7-Day, 7(k) Exemption for Deputies During Phase I of Trial

12  On October 7, 2010, the *Vallerand* Court granted the parties request to

13  trifurcate trial.  (*Vallerand* Dkt. #160-161.)  Phase I was a bench trial that

14  specifically addressed the issue of whether or not the County has a 7-day, 7(k)

15  exemption for its deputy sheriffs.  (*Vallerand* Dkt. #160-161.)  As part of Phase I of

16  trial, the parties submitted exhaustive trial briefs on the 7(k) issue with supporting

17  evidence.  (*Vallerand* Dkt. #163-164, 166-170.)  On November 8, 2010, the Court

18  issued an Order deeming the 7(k) issue appropriate for determination on the parties'

19  briefs and vacated the Phase I trial date.  (*Vallerand* Dkt. #172.)  In addition, the

20  Court found that in light of the uncontroverted evidence submitted by the parties,

21  the County met their burden of establishing a regularly recurring 7-day, 7(k) work

22  period for its law enforcement employees, including the deputy sheriffs employed

23  in LASD.  (*See Vallerand* Dkt. #172 attached as Exhibit "2" to the RJN and UF No.

24  11.)

### III. APPLICABLE LEGAL STANDARD REGARDING PARTIAL SUMMARY JUDGMEMT

27  The party moving for summary judgment/partial summary judgment has the

28  initial burden of establishing there is "no genuine issue as to any material fact and

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1   that [it] is entitled to a judgment as a matter of law." (Fed. R. Civ. Pro. 56(c).)

2   When the party opposing the motion for summary judgment or adjudication has the

3   burden of proof at trial, the moving party has no burden to negate its opponent's

4   claim. (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323-325, 106 S. Ct. 2548 (1986).)

5   The moving party has no burden to produce any evidence showing the absence of a

6   genuine issue of material fact. (*Id.* at 325.) "Instead, . . . the burden on the moving

7   party may be discharged by 'showing' – that is, pointing out to the district court --

8   that there is an absence of evidence to support the nonmoving party's case." (*Id.*;

9   *see also Fairbank v. Johnson*, 212 F.3d 528, 532 (9th Cir. 2000) ("[A] moving

10  defendant may shift the burden of producing evidence to the nonmoving plaintiff

11  merely by "showing" – that is, pointing out through argument – the absence of

12  evidence to support plaintiff's claim.").) A party moving for summary judgment

13  may also carry its initial burden by producing evidence that negates an element of

14  its opposing party's claim. (*Nissan Fire & Marine Ins. Co. v. Fritz Companies,*

15  *Inc.*, 210 F. 3d 1099 (9th Cir. 2000).)

16  **IV.    THE COUNTY IS ENTITLED TO SUMMARY JUDGMENT ON

17      PLAINTIFFS' DONNING AND DOFFING CLAIMS UNDER THE
      COLLATERAL ESTOPPEL DOCTRINE**

18      **A.    LEGAL STANDARD REGARDING THE APPLICATION OF
          DEFENSIVE COLLATERAL ESTOPPEL**

19

20      Collateral estoppel will preclude relitigation of issues actually litigated and

21  decided in a prior action. (*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5,

22  99 S.Ct. 645 (1979).) The dual purpose of collateral estoppel is to protect litigants

23  from the burden of relitigating an identical issue with the same party or his privity

24  and to promote judicial economy by preventing needless litigation. (*Id.* at 326.)

25      Collateral estoppel may be invoked offensively or defensively. Defensive

26  use of collateral estoppel occurs when a defendant, as in this case, seeks to prevent

27  a plaintiff from relitigating an issue the plaintiff or his privity has previously

28  litigated unsuccessfully in another action against the same or a different party.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1  (*U.S. v. Mendoza*, 464 U.S. 154, 159, n. 4, 104 S.Ct. 568 (1984).)  Courts generally

2  favor defensive use of collateral estoppel because it promotes judicial economy.

3  (*Parklane*, 439 U.S. at 650-651; *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 574 (1st

4  Cir. 2003).)  A federal court decision can be used for defensive collateral estoppel

5  when the following factors are met:

6      (1) An identical issue was necessarily decided as part of

7      the prior proceeding;

8      (2) The prior proceeding concluded with a final judgment

9      on the merits; and

10      (3) The party to be collaterally estopped is the same as or

11      in privity with the party in the prior proceeding.

12      (*Hydranautics v. Filmtec Corp.*, 204 F.3d 880, 885 (9th

13      Cir. 2000); *RE/MAX Intern., Inc. v. Equity Max Reality,*

14      *Inc.*, 2007 WL 1110590 at *2 (S.D. Cal. 2007).)

15      As discussed below, all three factors for defensive use of collateral estoppel

16  with respect to the *Vallerand* Order regarding donning and doffing are satisfied and

17  Plaintiffs should be barred from relitigating that claim here.

**B.  THE DONNING AND DOFFING ISSUES IN *LOCKHART* AND *VALLERAND* ARE IDENTICAL AND THEY WERE NECESSARILY DECIDED IN *VALLERAND***

20      The Ninth Circuit has identified the following four factors to evaluate

21  whether issues are identical:

22      (1) Whether there is substantial overlap in the evidence or

23      argument presented in the first proceeding and that to be

24      advanced in the second proceeding;

25      (2) Whether the same rule of law applies;

26      (3) Whether pretrial preparation and discovery for the first

27      matter would have covered the information to be

28      presented in the second matter; and

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1    (4) The relatedness of the claims.  (*RE/MAX., supra,* 2007

2         WL 1110590 at *2.)

3         The relevant inquiry in evaluating the third factor is whether the pretrial

4    preparation and discovery relating to the donning and doffing claim in *Vallerand*

5    reasonably be expected to have embraced the donning and doffing issues to be

6    presented in *Lockhart.*  (*Resolution Trust Corp. v. Keating,* 186 F.3d 1110, 1116

7    (9th Cir. 1999).)  As for the fourth factor, the relevant inquiry is how closely related

8    are the donning and doffing claims involved in *Vallerand* and *Lockhart.*  (*Id.*)  As

9    discussed below, an examination of these factors show that the donning and doffing

10   issues raised in *Vallerand* and *Lockhart* are identical.

**1.    The Second Factor is Satisfied Because The Same Rule of Law Applied in *Vallerand* Regarding the Donning and Doffing Claim Will Also Apply to *Lockhart***

13        Before the *Bamonte* decision was handed down earlier this year, district

14   courts within the Ninth Circuit were split over the applicable legal standard for

15   evaluating whether or not the donning and doffing activities of police officers are

16   compensable.[2]  *Bamonte* settled this split and sets forth the controlling law in the

17   Ninth Circuit regarding the compensability of police officer donning and doffing

18   activities.  In addition, *Bamonte* is the only decision by an appellate court on this

19   issue.[3]  Consequently, *Bamonte* will also control the outcome of this case as it did

20   in *Vallerand.*[4]

21   [2] *See, e.g., Bamonte v. City of Mesa,* 2008 WL 1746168 (D. Ariz. 2008);  *Abbe v. City of San Diego,* 2007 WL 4146696 (S.D. Cal. 2007);  *Dager v. City of Phoenix,*
22   2009 WL 531864 (D. Ariz. 2009); *Martin v. City of Richmond,* 504 F.Supp.2d 766 (N.D. Cal. 2007); *Lemmon v. City of San Leandro,* 538 F.Supp.2d 1200 (N.D. Cal.
23   2007).

24   [3] The donning and doffing cases decided by other appellate courts stem from other industries. (*See, e.g., De Asencio v. Tyson Foods, Inc.,* 500 F.3d 361 (3rd Cir.
25   2007) (meat processing plant); *Gorman v. Consolidated Edison Corp.,* 488 F.3d 586 (2nd Cir. 2007) (nuclear power plant); *Musch v. Domtar Industries, Inc.,* 587
26   F.3d 857 (7th Cir. 2009) (paper mill).

27   [4] In addition to the *Vallerand* Court, other district courts within the Ninth Circuit have applied *Bamonte* in evaluating the compensability of donning and doffing
28   activities of law enforcement employees. (*See, e.g., Margaret Reed, et al. v.*

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

**2. The First, Third and Fourth Factors Are Satisfied Because the Donning and Doffing Claims in *Vallerand* and *Lockhart* Are Related, Share the Same Evidence and Argument, and Share the Same Discovery**

**a. The *Vallerand* Ruling**

In confronting the donning and doffing issues in *Vallerand*, the County presented the following evidence:

(1) Section 3-03/030.10 of the LASD's Manual of Policies and Procedures ("MPP") permits deputies to wear their uniforms while commuting, provided that all identifying uniform and equipment is covered (*Vallerand* Dkt. #155 attached as Exhibit "1" to the RJN at p. 4:12-14);

(2) The County does not have a policy requiring Plaintiffs to don and doff their uniforms and equipment on County premises (*Vallerand* Dkt. #155 attached as Exhibit "1" to the RJN at p. 4:10-12);

(3) The *Vallerand*-plaintiffs are free to dress at home (*Vallerand* Dkt. #155 attached as Exhibit "1" to the RJN at p. 4:18);

(4) County locker rooms are provided for the convenience of employees who prefer to don and doff at work (*Vallerand* Dkt. #155 attached as Exhibit "1" to the RJN at p. 4:18-22);

(5) Not all assignment locations have locker rooms

///

*County of Orange*, 2010 WL 2342394 (C.D. Cal. 2010); *James Nolan, et al. v. City of Los Angeles, et al.*, U.S. District Court, Case No. 04-08592 (C.D. Cal. 2010), Dkt. #2817; *Los Angeles Police Protective League, et al. v. City of Los Angeles, et al.*, U.S. District Court, Case No. 06-06390 (C.D. Cal. 2010), Dkt. #18,249 and 18, 305.)

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1        (*Vallerand* Dkt. #155 attached as Exhibit "1" to the RJN

2        at p. 4:22);

3        (6)  Some deputies don and doff at work and others don

4        and doff, either fully or partially, at home (*Vallerand* Dkt.

5        #155 attached as Exhibit "1" to the RJN at p. 4:22-27);

6        (7)  Motorcycle deputies regularly don and doffing their

7        uniforms and gear at home and commute in uniform

8        (*Vallerand* Dkt. #155 attached as Exhibit "1" to the RJN

9        at p. 4:25-27).

10      The *Vallerand* plaintiffs could not dispute the fact that the County's uniform

11  policy (*e.g.,* Section 3-03/030.10 of the LASD MPP) is identical to the employer's

12  policy in *Bamonte, i.e.*, it gives deputies the discretion to wear their uniforms and

13  gear while commuting provided that identifying parts of the uniform and equipment

14  are covered. (*Vallerand* Dkt. #155 attached as Exhibit "1" to the RJN at p. 4:10-

15  12.) Instead, the *Vallerand* plaintiffs tried to work around *Bamonte* by arguing that

16  the nature of their work as deputies left them with "no true, viable option" to don

17  and doff at home, and thus the County has a "*de facto*" requirement that mandates

18  donning and doffing at work.  The *Vallerand* plaintiffs presented the following

19  evidence in support of this argument:

20        (1)  Donning, doffing, cleaning and maintenance of

21        uniform and equipment must be performed by the

22        *Vallerand*-plaintiffs either before or at the end of their

23        paid work shifts (*Vallerand* Dkt. #155 attached as Exhibit

24        "1" to the RJN at p. 5:1-10);

25        (2)  The *Vallerand* plaintiffs are expected to be "patrol

26        ready" by the time briefing begins and no donning is

27        allowed after the start of briefing because patrol deputies

28        must be ready to respond to calls the moment briefing

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

ends (*Vallerand* Dkt. #155 attached as Exhibit "1" to the
RJN at p. 5:10-14);

(3) Failure to be on time to briefing can result in both
informal reprimands and formal discipline (*Vallerand*
Dkt. #155 attached as Exhibit "1" to the RJN at p. 5:14-
15);

(4) It is not feasible or possible to entirely cover the
uniform when commuting in uniform (*Vallerand* Dkt.
#155 attached as Exhibit "1" to the RJN at p. 5:16-18);

(5) It is unsafe to commute in uniform because it allows
deputies and their families to be targeted and followed
home by gang members, criminals and citizens who do
not like the police (*Vallerand* Dkt. #155 attached as
Exhibit "1" to the RJN at p. 5:18-25);

(6) Donning and doffing at home poses risks to family
members as a result of deputies bringing home toxic
materials on uniform and boots or having weapons in
their homes (*Vallerand* Dkt. #155 attached as Exhibit "1"
to the RJN at p. 5:26-28);

(7) Commuting in uniform puts deputies at risk because
they may be asked for assistance without a radio and
access to backup (*Vallerand* Dkt. #155 attached as
Exhibit "1" to the RJN at pp. 5:28-6:7);

(8) Some of the tools and protective gear cannot be taken
home and can only be checked out at work (*Vallerand*
Dkt. #155 attached as Exhibit "1" to the RJN at p. 6:7-9);

(9) Deputies have been instructed by their superiors, and
instruct their subordinates to don and doff at work

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

11 MOTION FOR PARTIAL SUMMARY JUDGMENT

1    because of safety risks (*Vallerand* Dkt. #155 attached as

2    Exhibit "1" to the RJN at p. 6:10-12);

3    (10) It is LASD "tradition" to arrive to work 20-30

4    minutes before their shift to relieve the outgoing shift

5    (*Vallerand* Dkt. #155 attached as Exhibit "1" to the RJN

6    at p. 6:12-16);

7    (11) The majority of deputies don and doff at work

8    (*Vallerand* Dkt. #155 attached as Exhibit "1" to the RJN

9    at p. 6:17-22);

10    (12) It is estimated that 90% of deputies, sergeants and

11    lieutenants don and doff at work (*Vallerand* Dkt. #155

12    attached as Exhibit "1" to the RJN at p. 6:22-24).

13    In support of their argument, the *Vallerand* plaintiffs' evidence consisted of

14  their own deposition testimony and declarations setting forth the reasons they

15  choose to don and doff at work. However, the *Vallerand* Court rejected all of the

16  *Vallerand* plaintiffs' arguments because they were "virtually identical" to the

17  "nature of the work" reasons offered by the City of Mesa police officers in *Bamonte*

18  that the Ninth Circuit ultimately rejected as "preferences" instead of "mandates."

19  (*Vallerand* Dkt. #155 attached as Exhibit "1" to the RJN at pp. 14:4-15:16.) In

20  addition, the Court rejected the *Vallerand* plaintiffs' argument that the County has a

21  "*de facto*" policy requiring on-premises donning and doffing simply because most

22  deputies choose to don and doff at work. (*Vallerand* Dkt. #155 attached as Exhibit

23  "1" to the RJN at p. 15:16-23.) Finally, the fact that some of the *Vallerand*

24  plaintiffs actually donned and doffed at home and were not disciplined for it

25  demonstrated to the Court that no *de facto* requirement existed. (*Vallerand* Dkt.

26  #155 attached as Exhibit "1" to the RJN at pp. 15:24-16:9.)

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

**b.     The *Lockhart* Court Will Be Evaluating the Same MPP Section 3-03/030.10 as in *Vallerand***

The *Lockhart* plaintiffs are all LASD deputy sheriffs who are subject to the same uniform policy (*i.e.,* LASD MPP Section 3-03/030.10) that was at issue in *Vallerand.* (UF No. 4, 9.) Since they cannot refute the fact that LASD Manual Section 3-03/030.10 gives deputy sheriffs discretion to dress at home and commute to work in uniform and that some deputies, in fact, don and doff at home, the *Lockhart* plaintiffs will likely pursue the same legally irrelevant arguments that were raised and rejected in *Vallerand, i.e.,* that the purported health and safety reasons for not commuting in uniform have given rise to a "*de facto*" policy requiring deputies don and doff at work.[5] Since the Plaintiffs are subject to the same County uniform policy that was at issue in *Vallerand,* and since their attempts to work around *Bamonte* have already been rejected by the *Vallerand* Court, this Court will be forced to utilize its limited judicial resources towards, essentially, duplicating the *Vallerand* Court's efforts in evaluating Plaintiffs' donning and doffing claim. Such an outcome not only runs counter to judicial efficiency, but it also burdens the parties with repetitive litigation.

**C.     THE *VALLERAND* COURT'S ORDER REGARDING DONNING AND DOFFING IS A FINAL JUDGMENT FOR PURPOSES OF COLLATERAL ESTOPPEL**

A "final judgment" for purposes of collateral estoppel can be any prior adjudication of an issue in another action that is determined to be "sufficiently firm" to be accorded conclusive effect. (*Luben Industries, Inc. v. U.S.*, 707 F.2d 1037, 1040 (9th Cir. 1983).) A decision need not possess finality in the sense of 28 U.S.C. §1291. (*Id.*) Rather, finality in the context of collateral estoppel means little more than that ***the litigation of a particular issue has reached such a stage that the court sees no really good reason for permitting it to be litigated again.***

---

[5] Presumably, Plaintiffs hope that they can get a different (*i.e.,* inconsistent) result with these arguments a second time around.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1    (*Syverson v. International Business Machines Corp.*, 472 F.3d 1072, 1079 (9th Cir.

2    2007 *citing to Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80, 89

3    (2nd Cir. 1961) (emphasis added); *Curtiss-Wright Flow Control Corp. v. Z & J*

4    *Technologies GmbH*, 563 F.Supp.2d 1109, 1122 (C.D. Cal. 2007).) Thus, "the

5    proper query here is whether the court's decision *on the issue as to which*

6    *preclusion is sought* is final." (*Syverson,* 472 F.3d at 1079 (emphasis in the

7    original).) The basic test is whether the earlier decision was "procedurally

8    definite," and not whether the court might have had doubts in reaching the decision.

9    (*Matter of Lockhard*, 884 F.2d 1171, 1175 (9th Cir. 1989).)

10          The Ninth Circuit has articulated a number of factors that should be

11   considered in determining whether a prior adjudication is "sufficiently firm" to be

12   accorded conclusive effect. These considerations include (1) whether the decision

13   was not avowedly tentative; (2) whether the parties were fully heard; (3) whether

14   the court supported its decision with a reasoned opinion; and (4) whether the

15   decision was subject to an appeal. (*Security People, Inc. v. Medeco Security Locks,*

16   *Inc.*, 59 F.Supp.2d 1040, 1045 (N.D. Cal. 1999) *citing to Luben,* 707 F.2d at 1040.)

17   In considering these factors, it is clear that the *Vallerand* Order is sufficiently firm

18   to be considered a final judgment for purposes of collateral estoppel.

19          Here, it is clear that the *Vallerand* Order is not tentative in nature, and the

20   record demonstrates that both the *Vallerand* plaintiffs and the County were given

21   ample opportunity to be fully heard on the issues pertaining to the donning and

22   doffing claims. The parties were given two opportunities to brief and submit

23   evidence on the issues, before and after the Ninth Circuit issued its ruling in

24   *Bamonte*. (*Vallerand* Dkt. #90-95, 97-102, 104-107, 148-150.) In addition, the

25   *Vallerand* Court allowed the parties to engage in oral argument on the donning and

26   doffing issues. (*Vallerand* Dkt. #154.) After giving the parties extensive

27   opportunities to be heard on the very same arguments that the *Lockhart* plaintiffs

28   ///

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1 will likely advance here, the *Vallerand* Court articulated its ruling in a reasoned 29-
2 page Order. (*Vallerand* Dkt. #155.)

3     Finally, the *Vallerand* Order may be treated as final for purposes of collateral
4 estoppel because appellate review was available, but not sought, by the *Vallerand*
5 plaintiffs. (*See Rambus, Inc. v. Hynix Semiconductor Inc.*, 569 F.Supp.2d 946, 968
6 (N.D. Cal. 2008) (holding that the rule regarding the inability to obtain appellate
7 review bars the application of issue preclusion does not apply in cases where review
8 is available but is not sought).) The *Vallerand* plaintiffs could have moved for
9 reconsideration of the Order but they did not. In addition, they could have taken an
10 immediate appeal of the Order by either seeking permission from the *Vallerand*
11 Court certify it for an interlocutory appeal (28 U.S.C. §1292(b)) or by asking the
12 Court to enter a final judgment with respect to the donning and doffing ruling only
13 so that they could take an immediate appeal (Fed. R. Civ. P. 54(b)). Since the
14 *Vallerand* plaintiffs affirmatively chose not to pursue their appellate rights even
15 though available, the *Vallerand* Order regarding the donning and doffing claim is
16 final for purposes of collateral estoppel.

### D. PRIVITY EXISTS BETWEEN THE *LOCKHART* AND *VALLERAND* PLAINTIFFS

19     In order for collateral estoppel to apply, there must also be identity or privity
20 between the parties to the relevant litigation. (*In re Gottheiner*, 703 F.2d 1136,
21 1139 (9th Cir. 1983).) "The person being estopped from relitigating an issue must
22 have been either a party to the prior lawsuit or have been so ***closely related*** to the
23 interest of the party to be fairly considered to have had his day in court." (*Id.*
24 (emphasis added).) The concept of privity has been "substantially expanded in
25 recent years as courts increasingly give weight to considerations of judicial
26 economy and finality of judgments in binding parties to prior judicial
27 determinations. 'Courts are no longer bound by rigid definitions of parties or their
28 privies for purposes of applying collateral estoppel or res judicata.'" (*MCA*

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1   *Records, Inc. v. Charly Records, LTD*, 865 F.Supp. 649, 654 (C.D. Cal. 1994)

2   quoting *U.S. v. ITT Rayonier, Inc.*, 627 F.2d 996, 1003 (9th Cir. 1980).)

3       The privity requirement is clearly satisfied in the instant case. Like the

4   Plaintiffs here, the *Vallerand* plaintiffs included LASD deputy sheriffs (*i.e.*, Cronin

5   and Bruce Vallerand) as party plaintiffs.[6] (UF No. 7.) As such, they wore the same

6   LASD uniforms and equipment that the Plaintiffs in this action wear.[7] (UF No. 8.)

7   Most importantly, all LASD deputy sheriffs' are subject to the same County policy

8   (*i.e.*, LASD MPP Section 3-03/030.10) that was critical to the *Vallerand* Court's

9   determination that LASD deputy sheriffs' donning and doffing activities are not

10  compensable under the FLSA. (*Vallerand* Dkt. #155 attached as Exhibit "1" to the

11  RJN at p. p. 412-17; UF No. 4, 9.)

12      Under similar circumstances, courts have found the interests of employees so

13  closely aligned as to find them in privity with one another. In *Mauro v. Federal*

14  *Express*, 2009 WL 1905036 * 3 (C.D. Cal. 2009), for example, the Court found that

15  privity existed between "couriers" in the first case and "swing drivers" in a second,

16  later-filed case because both classes of drivers worked for the same company and

17  they picked up and delivered packages to and from residential and business

18  locations as part of their employer's business. (*Id.*) Similarly, in *Los Angeles*

19  *Police Protective League v. City of Los Angeles*, 94 Cal.App.4th 77 (2001) ("*LAPPL*

20  *I*"), the Court determined that two employees subject to the same memorandum of

21  understanding and manual of policies and procedures satisfied the privity

22

23  [6] In addition, at least two other *Vallerand* Plaintiffs are now deputy sheriffs in the LASD. (UF No. 10.) While *Vallerand* Plaintiffs Alex Farfan and Leon Reynolds

24  were Sergeants in what was formerly OPS, they are now employed as LASD deputy sheriffs in light of the abolition of OPS. (*Id.*) As the *Vallerand* Court

25  concluded, OPS and LASD had the exact same policy regarding commuting in uniform. (*Vallerand* Dkt. #155 attached as Exhibit "1" to the RJN at p. 412-17.)

26  [7] There is also identity between the parties in *Lockhart* and *Ascolese* as there are

27  approximately 50 individuals who have opted into both cases. (UF No. 16.) Thus, in the event the Court grants the County's concurrently filed motion for partial

28  summary judgment in *Ascolese*, collateral estoppel should be invoked to apply that ruling to *Lockhart*.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

1   requirement for use of collateral estoppel. In *LAPPL I*, the union for a police

2   sergeant (Robert Smith) filed a motion to compel arbitration of his employing

3   department's decision to transfer him to a different assignment with the reduced

4   pay applicable to that assignment. The key issue to be decided was whether

5   Sergeant Smith's claims were subject to arbitration under certain provisions of the

6   MOU. The Court of Appeal gave collateral estoppel effect to the holding in an

7   unpublished appellate opinion involving **another** City police officer, Fernando

8   Lopez, which interpreted the **same** MOU provisions at issue in Smith's case. (*Id.* at

9   84.)

10      In a second case brought by the Los Angeles Police Protective League

11  against the City of Los Angeles ("*LAPPL II*"), the Court also determined that two

12  employees subject to the same manual of policies and procedures satisfied the

13  privity requirement for use of collateral estoppel. In *LAPPL II*, the union

14  representing the City's police officers brought an action against the City and its

15  police chief challenging the validity of an order establishing the procedures for

16  administrative challenges by officers who were reassigned to lower pay grades or

17  who were deselected from bonus positions. (*Los Angeles Police Protective League*

18  *v. City of Los Angeles*, 102 Cal.App.4th 85, 88-89 (2003). One of the issues to be

19  decided is whether the City's police officers hold a property interest in their pay

20  grades. (*Id.* at 89.) This precise issue was presented and decided in an unpublished

21  decision entitled *Cooper v. City of Los Angeles*. The Court gave collateral estoppel

22  effect to the holding in *Cooper* that officers hold a property interest in their pay

23  grades. (*Id.* at 91.)

24      Based on the applicable authorities and the indisputable facts, it is clear that

25  the privity requirement is satisfied in this case. As such, the Court should grant

26  partial summary judgment on the Plaintiffs' donning and doffing claim in favor of

27  the County.

28  ///

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

**E.    THE EQUITIES OF THIS CASE WEIGH IN FAVOR OF DISMISSAL OF PLAINTIFFS' DONNING AND DOFFING CLAIM**

In the event the Court concludes that the County has not satisfied the requirements of collateral estoppel, the Court may still dismiss Plaintiffs' donning and doffing claim.  Plaintiffs have not right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant. (*Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007).  Consequently, district courts retain broad powers to prevent duplicative or unnecessary litigation. (*Ricchio v. Hornbeak*, 2010 WL 1838317 at *4 (C.D. Cal. 2010) *citing to Slack v. McDaniel*, 529 U.S. 473, 478, 120 S.Ct. 1595 (2000).)  After weighing the equities of a case, the district court may exercise its discretion to dismiss a duplicative, later-filed action. (*Mauro v. Federal Express Corp.*, 2009 WL 1905036 at *4 (C.D. Cal. 2009) *citing to Adams,* 487 F.3d at 688.)  Dismissal of a duplicative lawsuit promotes judicial economy, protects the parties from vexatious and expensive litigation, and serves the societal interest in bringing disputes to an end. (*Ricchio*, 2010 WL 1838317 at *4.)

Here, the donning and doffing claims asserted in the *Vallerand* and *Lockhart* lawsuits are identical because they arise from the same nucleus of facts. (*Mauro*, 2009 WL 1905036 at *4 (holding the inquiry that the Ninth Circuit applies in making such a determination is whether the two actions share a common transactional nucleus of facts).)  As discussed at length above, both cases involve Plaintiffs who are deputy sheriffs[8] that wear the same types of LASD uniforms and are subject to the same LASD uniform policies. (UF Nos. 8, 9.)  Further, it is unlikely Plaintiffs will present any new evidence or legal theories regarding their

---

[8] In *Mauro v. Federal Express*, although the actual parties in the first case *Brown v. Federal Express* were different from the actual parties in *Mauro*, the Court still concluded that both *Brown* and *Mauro* involved the same parties because both cases involved employees who were Couriers.  Therefore, the Court looked at the class of plaintiffs and not the actual class representatives for purposes of determining whether *Mauro* was duplicative of *Brown*.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1   donning and doffing claim that were not already raised in *Vallerand*. Accordingly,

2   the Court should exercise its broad discretion and dismiss Plaintiffs' donning and

3   doffing claim from this case.

**V.  THE COUNTY IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON THE 7(K) AFFIRMATIVE DEFENSE UNDER THE COLLATERAL ESTOPPEL DOCTRINE**

**A.  THE 7(K) ISSUE IN *LOCKHART* IS IDENTICAL TO THE 7(K) ISSUE PREVIOUSLY LITIGATED AND NECESSARILY DECIDED IN *VALLERAND***

8   The 7(k) affirmative defenses raised in *Lockhart* and *Vallerand* are identical

9   if (1) there is substantial overlap in the evidence or argument presented in

10  *Vallerand* and that to be advanced in *Lockhart*; (2) the same rule of law applies; (3)

11  the pretrial preparation and discovery for *Vallerand* covered the information to be

12  presented in *Ascolese*; and (4) the claims are related. (*Hydranautics,* 204 F.3d at

13  885; *RE/MAX,* 2007 WL 1110590 at *2.) An examination of these factors shows

14  that the 7(k) affirmative defense raised in *Lockhart* and *Vallerand* are identical.

**1.  The 7(k) Affirmative Defense in *Vallerand* and *Lockhart* Are Related, Share the Same Discovery, and Share the Same Evidence and Argument**

17  As its second affirmative defense in *Vallerand*, the County contended that the

18  *Vallerand* plaintiffs are partially exempt from the overtime requirements of the

19  FLSA because it has a 7-day, 7(k) exemption for its law enforcement employees

20  including deputy sheriffs. (*See* 29 U.S.C. § 207(k); 29 C.F.R. § 553.230.) On

21  November 8, 2010, the *Vallerand* Court found that the County established a

22  regularly recurring seven day work period for its law enforcement employees, and

23  as such, plaintiffs may not recover for unpaid overtime unless and until they prove

24  they worked at least 43 hours in a seven day work period. (*See Vallerand* Dkt.

25  #172 attached as Exhibit "2" to the RJN at p. 13:3-7.)

26  This very same affirmative defense is also being asserted by the County in

27  *Lockhart*. (*Ascolese* Dkt. #29, pp. 9-10.) Because the *Vallerand* Court concluded

28  that the County does, in fact, have a 7(k) exemption for its law enforcement

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1   employees, it stands to reason that the Plaintiffs in this case, who are also law

2   enforcement employees, are also subject to the partial exemption.  Accordingly, the

3   7(k) affirmative defenses asserted in both *Lockhart* and *Vallerand* are related to

4   each other.

5        Because a determination on the applicability of the 7(k) exemption rests on

6   the County's ability to show that it established a 7-day work period and that it was

7   regularly recurring, the discovery and pretrial preparation conducted on this issue in

8   *Vallerand* encompassed all of the 7(k) issues to be presented in *Lockhart*.  A review

9   of the undisputed evidence and arguments presented by the parties in their trial

10  briefs regarding this issue confirms that the discovery and pretrial preparation had

11  in *Vallerand* sufficiently covered the 7(k) issues to be presented in this case.

12       For example, the undisputed evidence contained in the trial briefs established

13  that the *Vallerand* plaintiffs work a recurring 7-consecutive day work period.

14  *(Vallerand* Dkt. # 172 attached as Exhibit "2" to the RJN at p. 13:3-7.)  This

15  evidence included the applicable MOUs, the *Vallerand* plaintiffs' payroll records,

16  the County Code and a County document entitled "Work Patterns and Schedules."

17  *(Vallerand* Dkt. # 172 attached as Exhibit "2" to the RJN at pp. 8:22-12:22.)

18       Despite the undisputed evidence of a recurring 7-day work period, the

19  *Vallerand* plaintiffs argued that the County does not have a 7(k) partial exception

20  because there is no evidence that the County declared, either publicly or formally,

21  its intention to adopt a 7(k) work period.  *(Vallerand* Dkt. # 172 attached as Exhibit

22  "2" to the RJN at p. 6:5-13.)  In support of this argument, the *Vallerand* plaintiffs

23  attached declarations from their union representatives stating that the County's

24  never declared adoption of a 7(k) work period. (*Vallerand* Dkt # 166-169.)  The

25  *Vallerand* plaintiffs also argued that the County did not adopt a 7(k) exemption

26  because the MOU pays deputies overtime for all hours worked above 40 hours per

27  week.  *(Vallerand* Dkt. # 172 attached as Exhibit "2" to the RJN at p. 9:24-26.)

28  However, based on the holding in *Adair* and the line of cases relied upon by the

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1   Ninth Circuit in that decision, the *Vallerand* Court rejected Plaintiffs' arguments.

2   (*Vallerand* Dkt. # 172 attached as Exhibit "2" to the RJN at pp. 8:22-12:22.)

3       In this case, the County intends to present the same evidence presented in

4   *Vallerand* to support its 7(k) affirmative defense with the exception of the

5   *Vallerand* plaintiffs' payroll records.  Instead, the County will present copies of the

6   *Lockhart* plaintiffs' payroll records to demonstrate they work a recurring seven

7   consecutive day work period.  When Plaintiffs were asked to produce documents

8   that support their argument that the County did not adopt a 7(k) exemption,

9   Plaintiffs stated that they have no documents.  (UF No. 12.)  Thus, the County

10  believes that no additional evidence will be presented by the Plaintiffs on the 7(k)

11  issue.

### 2.   The Same Rule of Law Applied in *Vallerand* Regarding 7(k) Will Also Apply to *Lockhart*

14      The issue confronted by the *Vallerand* Court was whether the County had a

15  7(k) partial overtime exemption for its law enforcement employees, including

16  deputy sheriffs.  In order for the exemption to apply, the County had the burden of

17  showing that it established a 7(k) work period and that the 7(k) work period was

18  regularly recurring.  This test was derived from the Ninth Circuit's holding in *Adair*

19  *v. City of Kirkland*, 185 F.3d 1055, 1060 (9th Cir. 1999), which is the controlling

20  law of this Circuit regarding applicability of the 7(k) exemption.  Consequently,

21  *Adair* will also control the outcome of the County's 7(k) affirmative defense in this

22  case as it did in *Vallerand*.

### B.   THE *VALLERAND* COURT'S ADJUDICATION OF THE 7(K) ISSUE IS A FINAL JUDGMENT FOR COLLATERAL ESTOPPEL PURPOSES

25      As discussed above, a "final judgment" for purposes of collateral estoppel

26  can be any prior adjudication of an issue in another action that is determined to be

27  "sufficiently firm."  (*Luben*, 707 F.2d at 1040.)  Among the factors considered in

28  determining whether a prior adjudication is "sufficiently firm" are whether the

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1  decision was not avowedly tentative, whether the parties were fully heard, and

2  whether the court supported its decision with a reasoned opinion. (*Id.*)

3  The *Vallerand* Court's adjudication of the 7(k) affirmative defense satisfies

4  all of these factors. First, the Court's decision is not tentative. Rather, the ruling

5  represents the Court's final decision on Phase I of the trial in *Vallerand*. Further,

6  the *Vallerand* plaintiffs were given an ample opportunity to be heard on the 7(k)

7  issue through the submission of extensive trial briefs and supporting evidence.

8  Finally, the decision is supported by a 13-page written opinion detailing the Court's

9  rationale for finding that the County has a 7-day, 7(k) partial overtime exemption

10  for its deputy sheriffs. Consequently, the *Vallerand* Court's decision on the 7(k)

11  affirmative defense is final for purposes of collateral estoppel.

12  **C.    PRIVITY EXISTS BETWEEN THE *LOCKHART* AND**
**      *VALLERAND* PLAINTIFFS**

13

14  As discussed in Section IV.D, *supra*, the plaintiffs in both cases are in privity

15  with one another because they are all employees of the LASD subject to the same

16  Manual of Policies and Procedures, MOU, County Code and timekeeping policies

17  and procedures that formed the basis of the *Vallerand* Court's 7(k) ruling. (*See*

18  *Mauro*, 2009 WL 1905036 *3; *LAPPL I*, 94 Cal.App.4th at 84; *LAPPL II*, 102

19  Cal.App.4th at 91.) As such, the privity requirement is clearly satisfied here.

20  **D.    THE EQUITIES OF THIS CASE WEIGH IN FAVOR OF**
**      GRANTING PARTIAL SUMMARY JUDGMENT ON THE**
**      COUNTY'S 7(K) AFFIRMATIVE DEFENSE**

21

22  Even if the Court concludes that the factors for defensive use of collateral

23  estoppel have not been met, the Court may still grant the County partial summary

24  judgment on its second affirmative defense regarding the 7(k) exemption pursuant

25  to its broad discretion to prevent duplicative or unnecessary litigation. (*Ricchio*,

26  2010 WL 1838317 at *4; *Mauro*, 2009 WL 1905036 at *4.) Because the 7(k) issue

27  in both lawsuits arise from the same nucleus of facts, as discussed above, granting

28  the County partial summary judgment on its second affirmative defense in this case

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1    is appropriate and would conserve judicial resources. (*Mauro*, 2009 WL 1905036

2    at *4.)

3    **VI.    CONCLUSION**

4           For the foregoing reasons, the County respectfully requests that the Court

5    grant the motion for partial summary judgment in its entirety.

6

7    Dated:  November 18, 2010                    LIEBERT CASSIDY WHITMORE

8

9                                                 By: _____

10                                                   Brian P. Walter
                                                     Geoffrey S. Sheldon
11                                                   Jennifer K. Palagi
                                                     Elizabeth T. Arce
12                                                   Attorneys for Defendants
                                                     COUNTY OF LOS ANGELES and
13                                                   LEROY BACA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045