1 | Brian P. Walter, Bar No. 171429
bwalter@lcwlegal.com
2 | Geoffrey S. Sheldon, Bar No. 185560
gsheldon@lcwlegal.com
3 | Jennifer K. Palagi, Bar No. 222536
jpalagi@lcwlegal.com
4 | Elizabeth T. Arce, Bar No. 216687
earce@lcwlegal.com
5 | LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6 | 6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
7 | Telephone:  310.981.2000
Facsimile:   310.337.0837
8
Attorneys for Defendants
9 | COUNTY OF LOS ANGELES and LEE BACA

10

## UNITED STATES DISTRICT COURT

11

## CENTRAL DISTRICT OF CALIFORNIA

12

| ANGELA LOCKHART, GAIL SCORZA, and PATRICK GOMEZ, on behalf of themselves and all others similar situated, | Case No.:  CV 07-1680 PJW |
|---|---|

13
14
15

Plaintiffs,

16

v.

17 | COUNTY OF LOS ANGELES, LEE BACA, individually and in his official capacity as SHERIFF OF LOS ANGELES COUNTY, and DOES 1 through 10, inclusive,

**STIPULATION RE APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

[Proposed] Judgment filed concurrently herewith

18
19
20

Defendants.

21
22

## STIPULATION

23

The Parties to the above captioned action hereby stipulate as follows:

24

1.     Plaintiffs Patrick Gomez, Leobardo Trujillo and James Rodela

25

("Plaintiffs") were or are presently employed by the County of Los Angeles

26

("Defendant" or "County") (Plaintiffs and Defendant County of Los Angles and

27

Lee Baca are collectively referred to as "Parties").

28

2.     Plaintiffs Angela Lockhart, Gail Scorza and Patrick Gomez, filed the

1

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1    above captioned action ("Action") arising out of certain events that allegedly
2    occurred during their employment with the County and allege a violation of the Fair
3    Labor Standards Act (29 U.S.C. §§ 201 *et seq.*) ("FLSA").  The Action was brought
4    as a collective action under 29 U.S.C. section 216(b).  The Court has jurisdiction
5    over the subject matter of this Action and over the Parties.

6        3.    Defendant filed an Answer to the Complaint denying its material
7    allegations and asserting affirmative defenses thereto.

8        4.    On June 14, 2012, the District Court granted Defendants' Motion for
9    Partial Summary Judgment on the plaintiffs' "donning and doffing" claims and held
10   that all plaintiffs in the collective action, including Plaintiffs, are not entitled to
11   compensation for time spend donning, doffing, maintaining and cleaning their
12   uniforms and protective gear.

13       5.    On August 6, 2012, the District Court granted Defendants' Motion to
14   Decertify case because the remaining claims in the lawsuit, *i.e.*, "off-the-clock"
15   work claims, could not be pursued on a collective basis under 29 U.S.C. section
16   216(b).

17       6.    Plaintiff Patrick Gomez was one of the three originally named
18   plaintiffs and the District Court's August 6, 2012 decertification order still allowed
19   him to pursue his "off-the-clock" work claims in this case, but all "opt-in" Plaintiffs
20   were dismissed from the lawsuit without prejudice to file their own individual "off-
21   the-clock" work lawsuits against Defendants.

22       7.    Plaintiffs Leobardo Trujillo and James Rodella were subsequently
23   permitted to rejoin the Action to pursue their alleged "off-the-clock" work claims,
24   leaving a total of three plaintiffs remaining in this Action.

25       8.    The Parties following the decertification of this lawsuit have engaged
26   in extensive negotiations in an attempt to resolve their differences, and throughout
27   these negotiations all Parties were, and continue to be, represented by counsel
28   experienced in wage and employment matters.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

STIPULATION RE APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

9.     The Parties wish to avoid the potential uncertainty, expense and delay of litigation and have therefore reached an agreement. The terms of the Parties' agreement are embodied in the Settlement Agreement and General Release of All Claims ("Settlement Agreement") which all Parties have executed. A copy of the Settlement Agreement is attached hereto as Exhibit "A" and incorporated herein;

10.     Courts have determined that the provisions of the FLSA are mandatory and cannot generally be abridged by contract or otherwise waived. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). However, when an employee brings a private action for compensation under the FLSA, and presents the district court with a proposed settlement, the district court may enter a judgment after scrutinizing the settlement for fairness. *Id*. at 1353;

10.     By entering into this Stipulation and requesting Court approval, the Parties do not intend that the Court make any findings or determination regarding the law or the application of any facts to the law. The Parties dispute the applicability of the FLSA to the facts as alleged in the Complaint.

///
///
///
///
///
///
///
///
///
///
///
///
///

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

3

11.     The Parties jointly request that the Court approve of and enter the Stipulation and Order; IT IS THEREFORE STIPULATED, by and between the Parties, through their respective counsel, that:

       1)     The Settlement Agreement should be approved and this Stipulation and Order should be entered by the Court;

       2)     The Court should expressly reserve jurisdiction with respect to this Action for the purposes of enforcing the Settlement Agreement; and,

       3)     Upon the Court's approval of the Settlement Agreement, this Action should be dismissed, in its entirety, with prejudice.

Dated:  June 4, 2014

LIEBERT CASSIDY WHITMORE

By: _____
       Brian P. Walter
       Geoffrey S. Sheldon
       Jennifer K. Palagi
       Elizabeth T. Arce
       Attorneys for Defendants
       COUNTY OF LOS ANGELES
       and LEE BACA

Dated:  June 3, 2014

LAW OFFICES OF RUSSELL J. THOMAS, JR.

By: _____
       Russell J. Thomas, Jr.
       Attorneys for Plaintiffs
       Patrick Gomez
       James Rodela
       Leobardo Trujillo

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

4

# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between Defendants County of Los Angeles and Leroy Baca ("County") and Plaintiffs Patrick Gomez, Leobardo Trujillo and James Rodela ("Plaintiffs") (the County and Plaintiffs shall sometimes be collectively referred to herein as "the Parties") with reference to the following facts:

## RECITALS

A.    WHEREAS, on March 13, 2007, a Complaint captioned *Angela Lockhart, Gail Scorza and Patrick Gomez v. County of Los Angeles*, United States District Court, Central District of California, Case No. CV07-01680 was filed seeking recovery of overtime, liquidated damages, attorneys' fees and costs for alleged violations of the Fair Labor and Standards Act (FLSA); and

B.    WHEREAS, the *Lockhart* lawsuit (sometimes referred to as "Action") was brought as a collective action under 29 U.S.C. section 216(b); and

C.    WHEREAS, the County filed an Answer to the Complaint denying the material allegations and asserting affirmative defenses thereto; and

D.    WHEREAS, Plaintiffs' claims are in all respects controverted, and the applicability of the FLSA to the facts as alleged in the Complaints, as well as the applicable level of compensation, and all other claims, allegations and requests for damages are disputed and denied by Defendants; and

E.    WHEREAS, on June 14, 2012, the District Court granted Defendants' Motion for Partial Summary Judgment on the plaintiffs' "donning and doffing" claims and held that all plaintiffs in the collective action, including Plaintiffs, are not entitled to compensation for time spend donning, doffing, maintaining and cleaning their uniforms and protective gear; and

F.    WHEREAS, on August 6, 2012, the District Court granted Defendants' Motion to Decertify case because the remaining claims in the lawsuit, *i.e.,* "off-the-clock" work claims, could not be pursued on a collective basis under 29 U.S.C. section 216(b); and

G.    WHEREAS, Plaintiff Patrick Gomez was one of the three originally named plaintiffs and the District Court's August 6, 2012 decertification order still allowed him to pursue his "off-the-clock" work claims in this case, but all "opt-in" Plaintiffs were dismissed from the lawsuit without prejudice to file their own individual "off-the-clock" work lawsuits against Defendants; and

H.    WHEREAS, Plaintiffs Leobardo Trujillo and James Rodella were subsequently permitted to rejoin the *Lockhart* lawsuit to pursue their alleged "off-the-clock" work claims, leaving a total of three plaintiffs remaining in the *Lockhart* lawsuit; and

1

I.     WHEREAS, because the costs of prosecuting and defending the *Lockhart* lawsuit in a trial would be significant, and because the Court ordered the parties to participate in Mandatory Settlement Conferences with the Hon. George King, the Parties engaged in extensive negotiations, in an attempt to resolve their differences, and throughout these negotiations all Parties were, and continue to be, represented by counsel experienced in wage and employment matters; and

J.     WHEREAS, the Parties wish to avoid the potential uncertainty, expense and delay of litigation and have therefore, based upon their extensive negotiations, agreed to a settlement of the Parties' dispute, subject to approval by the County's Claims Board; and

K.     WHEREAS, as a result of their negotiations, the Parties want to settle the Action and resolve and release all disputes and claims arising out of the Action against the County but recognize that they cannot effectuate a settlement without approval from the County's Claims Board; and

L.     WHEREAS, the Parties agree and understand that this settlement was reached to avoid the costs and uncertainties associated with trial and that this settlement does not reflect upon the merits or qualifications of any of the candidates who are presently running for the position of elected sheriff for the Los Angeles County Sheriff's Department.

M.     WHEREAS, the Parties agree and understand that this settlement is conditional and will become null and void unless and until it is approved by the County's Claims Board and Plaintiffs, by and through their counsel, are notified in writing of the Claims Board's approval of the settlement.

NOW THEREFORE, in consideration for the mutual promises and undertakings of the Parties as set forth below, Plaintiffs and the County hereby enter into this Agreement and agree as follows:

1.     Recitals.  The recitals set forth in this Agreement are true and correct and are hereby fully incorporated by reference into this Agreement. This Agreement affects claims and demands which are disputed, and by executing this Agreement, no party admits or concedes any of the claims, defenses, or allegations which were raised or could be raised by any other party or any third party.  Each party expressly denies liability for any and all claims or demands.  The Parties acknowledge that this is a compromise settlement of a disputed claim or claims. Moreover, neither this Agreement, nor any part of this Agreement, shall be construed to be nor shall be admissible in any proceeding as evidence of or any admission by any party of any violation of law or any wrongdoing whatsoever.  This document may be introduced in a proceeding to enforce the terms of the Agreement. **Finally, in no way should this Agreement be construed as an endorsement for or against any candidate for Sheriff of the Los Angeles County Sheriff's Department.  Nor should the Agreement be construed as a comment on any candidate's fitness for duty as Sheriff of the Los Angeles County Sheriff's Department.**

2.     Settlement Terms.

(a) Settlement Amount.  Assuming approval by the County's Claims Board is received, the County shall pay a total of Sixty Thousand dollars

2

($60,000.00), which shall include all of Plaintiffs' recovery, attorneys' fees and costs to settle the Action. The allocation of the Settlement Amount is described below. Although the Parties do not agree that there is liability regarding Plaintiffs' claims, for purposes of this Agreement, the settlement amount represents the agreed upon amount for all overtime compensation allegedly owed to Plaintiffs arising under the Action, all amounts allegedly owed for liquidated damages, and any and all other damages and/or relief recoverable in the Action, including attorneys' fees and litigation costs, for the full liability period alleged in this Action.

(b) Plaintiffs' Recovery: Assuming approval by the County's Claims Board is received, each of the three Plaintiffs shall each receive the sum of fifteen thousand dollars ($15,000.00), seven thousand five hundred dollars ($7,500.00) of which shall be paid as wages and seven thousand five hundred dollars ($7,500.00) of which shall be paid as liquidated damages.

1. The County will issue a regular payroll check to each Plaintiff for seven thousand five hundred dollars ($7,500.00) as soon as administratively possible in accordance with the standard payroll schedule and deadlines. This check is for all back wages allegedly owed to Plaintiffs. The payroll check will be subject to the normal tax withholdings, which Plaintiffs have previously requested. This wage payment is not subject to being reported to the County's retirement system as it is for alleged overtime work.

2. The County will issue an additional check to each Plaintiff in the sum of seven thousand five hundred dollars ($7,500.00). This check is for all liquidated damages allegedly owed to Plaintiffs. The parties agree that the payment of liquidated damages to Plaintiffs is not wages, and therefore the parties believe that such amounts are not subject to federal and state tax withholding requirements, although they are taxable as gross income. Plaintiffs are encouraged to consult with a tax advisor or attorney to independently determine any federal, state or local tax consequences of the liquidated damage portion of their settlement amount as no opinion on any tax matter is expressed herein. Plaintiffs are solely responsible for reporting amounts received as liquidated damages pursuant to this Agreement to any applicable federal, state or local agency as required by law. Plaintiffs agree to hold the County harmless for any tax liability they may suffer as a result of the liquidated damages being subject to taxation. However, although the Parties do not anticipate that the liquidated damages will be determined to be wages, if they are so determined, Plaintiffs are not agreeing to hold the County harmless for the employer portion of the state and/or federal tax withholdings

3

applicable to such wages. The County would, at that point, pay the applicable withholdings.

(c) <u>Attorneys' Fees</u>: The Law Officer of Russell J. Thomas, Jr., ("Law Firm") shall receive a separate check payable to the Law Firm in the amount of fifteen thousand dollars ($15,000.00) for attorneys' fees and costs. Law Firm shall be responsible for payment of all federal and state taxes due on this payment and agrees to indemnify and hold harmless the County from any and all of liability, including, without limitation, penalties, interest and fees from her failure to meet any of his personal liabilities regarding same. Except as provided here, each party will bear its own attorneys' fees and costs.

3.      <u>Jurisdiction</u>. This Agreement is executed and delivered in the State of California and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with the laws of the State of California. This Agreement may be executed in counterparts. Except as provided in this Agreement, all executed copies are duplicate originals and are equally admissible in evidence.

4.      <u>Release of Claims by Plaintiffs</u>. In consideration for the payments described in section 2 of this Agreement, Plaintiffs hereby, on behalf of themselves and their spouses, domestic partners, heirs, representatives, executors, agents, attorneys, administrators, successors-in-interest and assigns, irrevocably and unconditionally release and discharge the County, including its officers and employees, heirs, representatives, executors, agents, attorneys, administrators, and successors-in-interest, from any and all lawsuits, claims, actions, demands or other legal responsibilities of any kind which Plaintiffs have, or may have, against the County, its officials, officers and employees which were asserted or which could have been asserted in the *Lockhart* lawsuit. Plaintiffs expressly acknowledge that this release includes any and all claims that Plaintiffs asserted or could have asserted in the action, and/or in relation to the subject matter of the pleadings in the action against the County or its officials, employees or officers through the date of this Agreement. Plaintiffs also acknowledge and agree that this release is an essential and material term of this Agreement and without such release, no settlement would have been reached by the Parties.

5.      <u>Release of Unknown Claims</u>. In consideration for the payments described in section 2 of this Agreement, Plaintiffs hereby waive any and all rights or benefits that they may have under Section 1542 of the Civil Code of the State of California, which provides:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Plaintiffs and their attorneys acknowledge that they understand the effect of this waiver pursuant to Civil Code section 1542, and that Plaintiffs are represented and has been advised of this release by their counsel.

4

6.     Knowledge of Parties.  Plaintiffs and the County understand and agree to the settlement, this Agreement and the terms and conditions contained herein, and enter into this Agreement knowingly and voluntarily.  Plaintiffs have been advised that they have the right to seek legal advice with respect to this Agreement, including the release, and that they had the opportunity to consult with counsel, and they have in fact consulted with counsel of their choice. The Parties have investigated the facts pertaining to the settlement and the Agreement and all matters pertaining thereto as deemed necessary.  The Parties have relied upon their judgment, belief, knowledge, understanding and expertise after consultation with their counsel concerning the legal effect of the settlement and its terms.  By signing this document and the documents referred to herein, the Parties signify their full understanding, agreement, and acceptance of the Agreement.

7.     Entire Agreement.  This Agreement contains the entire agreement of the Parties regarding the subject matter of this agreement and shall constitute the final understanding between the Parties hereto.  All prior negotiations made or which have occurred prior to the date of this Agreement are merged into this Agreement.

8.     No Additional Representations.  Except for the terms of this Agreement, Plaintiffs and the County have not relied upon any statement or representation, written or oral, made by any party, or any of their respective agents, attorneys or any other person, regarding any matter including, but not limited to, the federal or state income tax consequences of the Agreement to any party.  The Parties expressly acknowledge and agree that they have relied solely upon the advice of their own attorneys and/or accountants as to the tax and benefit consequences of the Agreement.

9.     Warranty of Non-Assignment.  The Parties warrant that they have not assigned any of the claims or portions of the claims that are the subject of this Agreement.

10.     Binding Agreement.  The Agreement and all documents referred to herein, shall bind and inure to the benefit of the party hereto and her spouse, domestic partner, children, heirs, estates, administrators, representatives, executors, attorneys' successors and assigns.  Except as expressly provided herein, this Agreement is not for the benefit of any person not a party hereto or any person or entity not specifically identified as a beneficiary herein or specifically identified herein as a person or entity released hereby.  The Agreement is not intended to constitute a third party beneficiary contract.

11.     Authority to Execute.  Each party hereto warrants to the other party that he, she or it has the full power and authority to execute, deliver and perform under this Agreement and all documents referred to herein, and that any needed consent or approval from any other person has been obtained.

12. _Duty to Act in Good Faith_. The Parties shall act in good faith and use their reasonable good faith efforts after the execution of this Agreement to ensure that their respective obligations hereunder are fully and punctually performed. The Parties shall promptly perform any further acts and execute and deliver any other documents or instruments that may be reasonably necessary to carry out the provisions of this Agreement. Time is of the essence in this Agreement, particularly since the Agreement must be executed before the tentative settlement must be considered by the County Claims Board.

13. _Interpretation and Construction_. Any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the party or parties preparing this document or the documents referred to herein, on the understanding that the Parties participated equally in the negotiation and preparation of the Agreement and the documents referred to herein, or have had equal opportunity to do so. The headings used herein are for reference only and shall not affect the construction of this Agreement.

14. _Governing Law and Venue_. The settlement, this Agreement, and the documents referred to herein, shall be interpreted in accordance with the laws of the State of California, and if necessary, federal law. To the extent that any party brings an action to enforce the terms of this Agreement, such action shall be filed and prosecuted in the Los Angeles Superior Court and/or the United States District Court for the Central District of California, to the extent of that court's jurisdiction.

15. _Breach, Waiver and Amendment_. No breach of this Agreement or of any provision herein can be waived except by an express written waiver executed by the party waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or other provisions of this Agreement. The Agreement may be amended, altered, modified or otherwise changed in any respect or particular only by a writing duly executed by the Parties hereto and their authorized representatives.

16. _Execution_. This Agreement, and any document referred to herein, may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument.

17. _Agreement Does Not Establish Precedent._ The Parties agree that the terms of this Agreement are binding and will not establish any precedent, nor will this Agreement be used as a basis by the Parties or anyone else to seek or justify similar terms in any subsequent or similar case.

18. _Effective Date_. This Agreement shall become effective immediately following execution by all of the Parties, on the latest date appearing below.

**PLEASE READ CAREFULLY: This Settlement Agreement and General Release of Claims include a release of known and unknown claims related to this Action.**

**IN WITNESS WHEREOF**, the Parties hereto have executed this Settlement Agreement and General Release.

6

COUNTY OF LOS ANGELES

February ___, 2014                         By: _____
                                                Joyce Aiello
                                                Principal Deputy County Counsel
                                                Office of the County Counsel

                                           PATRICK GOMEZ

March 7, 2014
February ___, 2014                         By: _____
                                                Patrick Gomez

                                           JAMES RODELLA

February ___, 2014                         By: _____
                                                James Rodella

                                           LEOBARDO TRUJILLO

February ___, 2014                         By: _____
                                                Leobardo Trujillo

APPROVED AS TO FORM AND CONTENT:

February ___, 2014                         LIEBERT CASSIDY WHITMORE

                                           By: _____
                                                Geoffrey S. Sheldon
                                                Attorneys for Defendants
                                                County of Los Angeles and Lee Baca

7

COUNTY OF LOS ANGELES

February ___, 2014

By: _____
    Joyce Aiello
    Principal Deputy County Counsel
    Office of the County Counsel

PATRICK GOMEZ

February ___, 2014

By: _____
    Patrick Gomez

JAMES RODELLA

February 27, 2014

By: _____
    James Rodella

LEOBARDO TRUJILLO

February ___, 2014

By: _____
    Leobardo Trujillo

APPROVED AS TO FORM AND CONTENT:

February ___, 2014

LIEBERT CASSIDY WHITMORE

By: _____
    Geoffrey S. Sheldon
    Attorneys for Defendants
    County of Los Angeles and Lee Baca

7

COUNTY OF LOS ANGELES

February ___, 2014                    By: _____
                                          Joyce Aiello
                                          Principal Deputy County Counsel
                                          Office of the County Counsel

                                      PATRICK GOMEZ

February ___, 2014                    By: _____
                                          Patrick Gomez

                                      JAMES RODELLA

February ___, 2014                    By: _____
                                          James Rodella

                                      LEOBARDO TRUJILLO

February 2 7 2014                     By: _____
                                          Leobardo Trujillo

APPROVED AS TO FORM AND CONTENT:

February ___, 2014                    LIEBERT CASSIDY WHITMORE

                                      By: _____
                                          Geoffrey S. Sheldon
                                          Attorneys for Defendants
                                          County of Los Angeles and Lee Baca

7

COUNTY OF LOS ANGELES

February 21, 2014

By _____
Joyce Aiello
Assistant Principal Deputy County Counsel
Office of the County Counsel

PATRICK GOMEZ

February ____, 2014

By: _____
Patrick Gomez

JAMES RODELLA

February ____, 2014

By: _____
James Rodella

LEOBARDO TRUJILLO

February ____, 2014

By: _____
Leobardo Trujillo

APPROVED AS TO FORM AND CONTENT:

February 16, 2014
March

LIEBERT CASSIDY WHITMORE

By: _____
Geoffrey S. Sheldon
Attorneys for Defendants
County of Los Angeles and Lee Baca

7.

March _10_, 2014                    LAW OFFICES OF RUSSELL J. THOMAS, JR.

                                    By: _____
                                         Russell J. Thomas, Jr.
                                         Attorney for Plaintiffs
                                         Patrick Gomez
                                         James Rodela
                                         Leobardo Trujillo

8